# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gustavo Guerrero Escobedo, | No.  CV-26-04901-PHX-MJM |
| Petitioner, | |
| v. | **ORDER** |
| Markwayne Mullin, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)  The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 3.)  In the Response, Respondents state: "Respondents do not oppose the habeas petition or the requested relief of a bond hearing under 8 U.S.C. § 1226(a)." (Doc. 6.)

In the Petition, Petitioner asserts that he sought a custody redetermination hearing on July 10, 2026, but that the immigration judge (IJ) declined the request for lack of jurisdiction "due to the new interpretation of [§ 1225(b)]."  (Doc. 1 at 3). Because Respondents do not oppose the Petition and an IJ has already declined jurisdiction to consider Petitioner's release, the Court finds the appropriate remedy in this case is Petitioner's immediate release.  *See Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013).

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

DATED this 23rd day of July, 2026.

_____
Michael J. McShane
United States District Judge